[S. F. No. 16640. In Bank. Jan. 12, 1942.]

SOUTHERN PACIFIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and DORIS VELMA RODGERS et al., Respondents.

Henley C. Booth, Burton Mason, W. I. Gilbert and W. I. Gilbert, Jr., for Petitioner.

Everett A. Corten for Respondents.

Irvin C. Ford and Lawrence G. Dorety, as Amici Curiae, on behalf of Respondents.

THE COURT.—The petitioner, the Southern Pacific Company, seeks by this writ of review to have annulled an award made by the respondent Industrial Accident Commission. This is a companion case to *Southern Pacific Co.* v. *Industrial Acc. Com. et al.*, S. F. No. 16641, *ante*, p. 271 [120 Pac. (2d) 880] (this day decided), and while the facts of the case are somewhat different, the legal principles there set forth are determinative of the issues presented here.

On November 3, 1939, R. P. Rodgers sustained an injury arising out of and occurring in the course of his employment as a switchman at the Los Angeles terminal of the Southern Pacific Company. The injury, which resulted in Rodgers' death, occurred in a particular portion of the petitioner's freight terminal yard known as the "bull ring." This portion of the main freight yard was used, among other things, for the purpose of "breaking up" main-line freight trains after their arrival, and of "making up" such trains prior to their departure from the terminal. Cars moving in both interstate and intrastate commerce were handled as a regular part of decedent's duties as a member of the yard crew. Upon the basis of these facts the respondent commission accepted jurisdiction and made an award in favor of the decedent's widow and others.

Under the principles set forth in *Southern Pacific Co.* v. *Industrial Acc. Com. et al.*, *supra*, it is clear that the case comes within the exclusive operation of the Federal Employers' Liability Act, as amended in 1939. It cannot be doubted that the duties of the decedent included the furtherance of interstate commerce in a way which directly or closely and substantially affected such commerce. It follows that the respondent Industrial Accident Commission was without jurisdiction to make the award.

The award is annulled.